IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| EMCASCO INSURANCE COMPANY AND EMPLOYERYS MUTUAL CASUALTY COMPANY,<br><br>   Plaintiffs,<br><br>v.<br><br>VAN DYKEN DRILLING, INC.,<br><br>   Defendant. | CV-23-62-BU-JTJ<br><br>MEMORANDUM AND ORDER |

I.    **INTRODUCTION**

On September 12, 2023, Plaintiffs Emcasco Ins. Co. and Employers Mutual Casualty Co. (collectively, "EMC") filed this declaratory judgment action against Defendant Van Dyken Drilling, Inc. ("Van Dyken") seeking a declaration that they have no duty to defend or indemnify Van Dyken, a third-party defendant, in an underlying state court action ("Underlying Action"). (Doc. 1)  On January 23, 2024, EMC filed a motion for summary judgment. (Doc. 23)  Van Dyken opposed the motion. (Doc. 29)

1

On July 23, 2024, the Court issued a Memorandum and Order denying EMC's motion for summary judgment. (Doc. 40) Specifically, the Court ordered that EMC owed a duty to defend Van Dyken in the Underlying Action. (*Id.* at p. 19) The Court further ordered that whether EMC owes a duty to indemnify Van Dyken is not ripe and justiciable at this time as the allegations in the Underlying Action remain unresolved. (*Id.* p. 18)

Based upon the Court's order on EMC's duty to defend, Van Dyken has filed the present Motion for Attorney Fees and Costs. (Doc. 41) EMC opposes the motion. (Doc. 44)

## II. LEGAL STANDARD

In diversity actions, state law determines whether a party is entitled to attorney fees, and federal law governs the procedure for requesting an award of attorney fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

## III. DISCUSSION

Van Dyken contends it is entitled to attorney fees based upon the insurance exception to the American Rule because it prevailed on the issue of whether EMC owed it a duty to defend the Underlying Action. EMC contends that Van Dyken's motion for attorney fees is premature under Fed. R. Civ. P. 54. The Court agrees with Van Dyken.

Montana follows the "American Rule" which provides that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision. *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652 (Mont. 2003). However, Montana recognizes an exception to this rule where "the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." *Id.* at 660; *Riordan v. State Farm Mut. Auto Ins. Co.*, 589 F.3d 999, 1006 (9th Cir. 2009); *Boulter v. Hartford Fire Ins. Co.*, 321 F. Supp. 3d 1199, 1205 (D. Mont. 2018).

EMC made two separate claims in its request for declaratory relief: (1) it owes no duty to defend Van Dyken and (2) it owes no duty to indemnify Van Dyken. As to the first claim, EMC's declaratory judgment action forced Van Dyken to assume the burden of defending this claim to preserve its right to a defense from EMC in the Underlying Action. The Court's July 24, 2024, Order determining that EMC owes Van Dyken the duty to defend the Underlying Action renders Van Dyken as the prevailing party on that claim. Therefore, Van Dyken has the right to recover the reasonable attorney fees it incurred in relation to defending EMC's claim that it did not owe Van Dyken a duty to defend the Underling Action. *United States Fire Insurance Company v. Greater Missoula Family YMCA*, CV 19-21-M-DWM (D. Mont. at Doc. 40) (although the insurer originally filed the declaratory judgment

3

action, it forced its insured to litigate to obtain coverage and therefore, the insured, as the party prevailing on the issue the insurer raised in the declaratory judgment action, was entitled to recover its reasonable attorney fees). The fact that it is at present unknown whether EMC owes a duty to indemnify Van Dyken does not negate the fact that Van Dyken prevailed on the duty to defend issue that EMC's declaratory judgment action forced Van Dyken to defend. *Cramer v. Farmers Ins. Exchange*, 423 P.3d 1067 (2018) (a party need not prevail on all claims to recover attorney fees on the claims upon which the party prevails).

The Court notes that Van Dyken's motion only seeks a determination that it is *entitled* to an award of fees. (Doc. 47 at p. 12). Van Dyken is not seeking the entry of a judgment on any claim and the Court is fully cognizant that it may not *award* attorney fees prior to the entry of judgment. Accordingly, the Court is unpersuaded by EMC's argument that Fed. R. Civ. P. 54 precludes it from determining Van Dyken's entitlement to fees at this time.

Finaly, the insurance exception is not discretionary. *Winter v. State Farm Mutual*, 328 P.3d 665 (Mont. 2014). Given the Court's determination that Van Dyken is entitled to recover reasonable attorney fees for prevailing on the duty to defend issue the Court need not address whether Van Dyken is also entitled to

recover attorney fees pursuant to the supplemental relief afforded in declaratory judgment actions.

## IV. **CONCLUSION**

Van Dyken is entitled to recover reasonable attorney fees under the insurance exception to the American Rule in relation to the duty to defend portion of EMC's declaratory judgment action. The parties, pursuant to their agreement (Doc. 41 at p. 2), will attempt to resolve the reasonableness of attorney's fees before seeking a judicial determination of the same.

Accordingly, Van Dyken's Motion for Attorney Fees and Costs is **GRANTED**.

DATED this 8th day of October 2024.

_____
John Johnston
United States Magistrate Judge